**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Eduardo RODRIGUEZ–VASQUEZ,**
**Defendant—Appellant.**

**No. 04–10601.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 19, 2005.

Robert A. Bork, Esq., USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Esq., FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Defendant—Appellant.

Before: REINHARDT, RYMER and HAWKINS, Circuit Judges.

MEMORANDUM **

Eduardo Rodriguez–Vazquez appeals his sentence imposed following his guilty plea to unlawfully entering the United States after having been previously deported in violation of 8 U.S.C. § 1326.

Rodriguez–Vazquez's Sixth Amendment challenge to his sentencing enhancement based on a prior felony conviction remains foreclosed after *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Moreno–Hernandez,* 419 F.3d 906, 915 n. 8 (9th Cir.2005) (explaining that a district judge's enhancement of a sentence, based on the fact of a prior conviction does not raise any Sixth Amendment problems).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Because Rodriguez–Vazquez was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the district court to answer that question, and to proceed pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir.2005) (en banc). *See Moreno–Hernandez*, at 915 (extending *Ameline*'s limited remand procedure to cases involving non-constitutional *Booker* error).

REMANDED.